## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hallmark Condominium
Unit Owners' Association

    v.

Parkway Associates, Ltd.,
Hamilton Investment Trust, et al.

    v.

Union First National Bank
of Washington et al.

January 22, 1981

Case No. (Law) 5717

By JUDGE WILEY R. WRIGHT, JR.

Hallmark Condominium Unit Owners Association, the plaintiff herein, has brought this action against Parkway Associates, Ltd., hereinafter referred to as Parkway, First Mortgage Corporation, First Federal Savings and Loan Association of Alexandria, First Empire Realty Credit Corporation, and Hamilton Investment Trust, hereinafter referred to as the corporate defendants, and C. Frederick Shultz, John T. Davenport, Barry L. Musselman, and Michael D. Bridges, hereinafter referred to as the individual defendants. Hamilton Investment Trust has filed a third party motion for judgment against Union First National Bank of Washington, New Jersey Bank, N.A., and Summit

and Elizabeth Trust Company. All of the defendants have demurred to the motion for judgment.

Parkway is the declarant of the Hallmark Condominium located at 200 North Pickett Street in the City of Alexandria. The corporate defendants owned all of the stock of Parkway until Hamilton Investment Trust sold all of its stock to the third-party defendants on or about September 28, 1977. The individual defendants were all officers and/or members of the Board of Directors of the plaintiff during the period of declarant control of the condominium, which was May 26, 1977, through June 30, 1978.

All of the demurrers are predicated on virtually the same grounds, and each defendant has joined in the demurrers of the other defendants. These grounds are:

1. That the plaintiff lacks standing to bring the causes of action sought to be alleged in the motion for judgment;

2. That the motion for judgment fails to state a cause of action or a claim upon which relief can be granted;

3. That the motion for judgment improperly joins different causes of action against different defendants;

4. That the motion for judgment fails to name as defendants certain parties indispensable to the resolution of the plaintiff's case; and

5. That the motion for judgment does not set forth the causes of action with sufficient particularity.

The Court will consider the grounds as they relate to the individual counts of the motion for judgment, except for the third and fourth grounds which must be considered not only as they apply to the individual counts but also in light of all of the counts taken together.

## Count I

Count I of the motion for judgment seeks recovery against all of the defendants for breach of the warranty against structural defects in the common elements set forth in § 55-79.79(b) of the Condominium Act, § 55-79.39, et seq., Code of Virginia, 1950, as amended. The alleged structural defects are not set forth other than by reference to a document called the "Dewberry Report," which is not attached to or incorporated by reference in the motion for judgment.

Plaintiff says that Code § 55-79.53 gives it standing to enforce the warranty against structural defects in the common elements. This section provides:

> *Compliance with condominium instruments.* -- The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due, or damages or injunctive relief, or for any other remedy available at law or in equity, maintainable by the unit owner's association or by its executive organ or any managing agent on behalf of such association, or, in any proper case, by one or more aggrieved unit owners on their own behalf or as a class action.

This section makes lack of compliance with the Condominium Act and the provisions of the condominium instruments grounds for an action or suit; however, it does not delineate which forms of action are maintainable by a unit owners' association.

Code § 55-79.79, which creates the warranty against structural defects in the common elements, vests the powers and responsibilities with regard to maintenance, repair, renovation, restoration, and replacement of the common elements in the unit owners' association, unless the condominium instruments provide to the contrary; however, this section does not give the unit owners' association standing to sue for breach of the structural warranty. *See* unpublished Memorandum Opinion in *Kuhn, et al. v. West Alexandria Properties, Inc., et al.,* Circuit Court for the City of Alexandria, Law 5416 (per Grenadier, J.).

Having been unable to find specific statutory authority giving the plaintiff standing to sue and there being no reported Virginia cases on this point, the Court has considered what appears to be the prevailing rule in other jurisdictions. The courts have usually taken the view

that in the absence of a specific statutory provision to the contrary, a condominium unit owners' association has no standing to sue in a representative capacity, at least with respect to property rights, which technically are in the unit owners, who are the real parties in interest. *See* 72 A.L.R.3d 314.

The Court is of opinion that the plaintiff is without standing to enforce the statutory warranty against structural defects in the common elements. For this reason, the demurrers will be sustained as to Count I. Inasmuch as this defect is not curable by amendment, this count will be dismissed.

Having decided to dismiss Count I, the Court will not discuss the other grounds of demurrer except to briefly note that, the standing question aside, the allegations are insufficient to state a cause of action against any of the defendants. The reference to the "Dewberry Report" is not adequate to meet the requirements of Rule 1:4(d) of the Supreme Court Rules or the principles of good pleading set forth in *Cox v. Hagan*, 125 Va. 656, 669 (1919). Furthermore, even if it could be said that a good cause of action is stated against Parkway, the allegations are nevertheless insufficient to make either the corporate or individual defendants answerable for the liability of Parkway for its breach of the statutory warranty.

### Count II

Count II of the motion for judgment seeks recovery against Parkway and the individual defendants for their failure to adopt an annual operating budget and levy condominium assessments which would result in sufficient funds to defray all of the common expenses of the plaintiff. The plaintiff alleges that the condominium assessments were kept low in order to facilitate sales of the condominium units and that as a result thereof, a deficit in net operating expenses occurred during the period of declarant control. The plaintiff says that Parkway and the individual defendants are liable as fiduciaries for their acts or omissions during the period of declarant control.

The Court is of opinion that, if such a cause of action exists, the plaintiff has standing to bring it. The administration of the affairs of the condominium is vested

in the board of directors of the plaintiff, and it would thwart the intent of the Bylaws if the plaintiff were not permitted to pursue this cause of action.

During a prescribed period of time, Code § 55-79.74 places control of the condominium in the declarant, a managing agent appointed by the declarant or a board of directors selected by the declarant. This section was amended effective July 1, 1978, to subject the declarant, managing agent, or board of directors to liability as fiduciaries of the unit owners for their acts or omissions during the period of declarant control. Inasmuch as the amendment did not take effect until after the period of declarant control ended, it is not applicable to this case.

Notwithstanding the inapplicability of the amendment, the condominium instruments contain a standard of care for the board of directors. Article III, Section 15 of the Bylaws provides in pertinent part that:

> The members of the Board of Directors shall not be liable to the Owners for any mistake of judgment, negligence, or otherwise except for their own individual willful misconduct or bad faith.

The Court is of opinion that the standard of care contained in the Bylaws is the standard against which the acts or omissions of Parkway and the individual defendants must be measured.

When a pleading is tested by demurrer, all reasonable inferences which a trier of fact may fairly and justly draw from the facts alleged must be considered by the court in aid of the pleading. *Burns v. Board of Supervisors*, 218 Va. 625 (1977).

When considered with all of the reasonable inferences that may be drawn therefrom, are the allegations of Count II sufficient to show willful misconduct or bad faith on the part of Parkway and the individual defendants? The mere failure to adopt an annual operating budget and levy condominium assessments large enough to provide sufficient funds to defray expenses would not be tantamount to willful misconduct or bad faith. On the other hand, if the condominium assessments were purposely kept too low in order

to facilitate sales of the condominium units, and this was done without regard to the impact such a practice might have on the plaintiff or the unit owners, the trier of fact could find willful misconduct or bad faith. Although somewhat sketchy, the allegations of Count II are sufficient to allege the breach of a standard of care by Parkway and the individual defendants.

Even though Count II is sufficient to survive demurrer in the sense that it alleges a duty and a breach thereof, it is otherwise deficient. The plaintiff claims to have been damaged solely because Parkway and the individual defendants caused it to have a deficit in the net operating budget. This fact standing alone does not amount to compensable damage. It is conceivable that the practice referred to in Count II could result in damage for which the plaintiff would be entitled to recover; however, the claim as now stated will not support a recovery.

The demurrers will be sustained insofar as they relate to Count II, and the plaintiff will be granted leave to amend Count II, if it be so advised.

### Count III

Count III of the motion for judgment seeks recovery against Parkway and the individual defendants for their breach of fiduciary duty in failing to identify and repair structural defects in the condominium during the period of declarant control and for allowing the plaintiff's funds to be used to repair structural defects rather than enforcing the structural warranty against Parkway. The first numbered paragraph of the prayer for relief includes the corporate defendants; however, the memorandum of points and authorities in opposition to defendants' demurrers and the substantive allegations of Count III make it clear that the plaintiff is not pursuing the corporate defendants in this count.

Notwithstanding the ruling of the Court that the plaintiff lacks standing to bring suit to enforce the statutory warranty against defects in the common elements, the Court is of opinion that the plaintiff does have standing to bring the cause of action sought to be alleged in Count III. The gist of Count III is that the defendants improperly expended funds of the plaintiff to make repairs

which were the responsibility of the declarant, Parkway. The responsibility for making repairs to the common elements not covered by the structural warranty is placed by the Bylaws in the Board of Directors of the plaintiff, and if funds of the plaintiff have been improperly expended for this purpose, the plaintiff has the authority to seek their recovery.

For the reasons heretofore stated, the Court is of opinion that Parkway and the individual defendants had the duty to act in good faith in managing the expenditures of the plaintiff's funds.

My reading of Count III of the motion for judgment has led me to the conclusion that it does not set forth sufficient facts to support a finding that either Parkway or the individual defendants were guilty of willful misconduct or bad faith. This count is so devoid of factual details that the Court is unable to comprehend how the defendants can be said to have violated the duty owed to the plaintiff.

The demurrers to Count III will be sustained, and the plaintiff will be granted leave to amend, if it be so advised.

*Count IV*

Count IV of the motion for judgment seeks recovery against Parkway and the individual defendants for failing to pay and collect, respectively, condominium assessments during the period of July 1, 1978, through June 30, 1979. Paragraph 12 of the motion for judgment, which is incorporated in this count by reference, alleges that Parkway conveyed its last unit on March 2, 1979. Paragraphs 4, 5, 6, and 7 of the motion for judgment, which are also incorporated in this count by reference, allege that the individual defendants acted as officers and/or directors of the plaintiff during the period of declarant control, which is elsewhere (paragraph 25) alleged to be May 26, 1977, through June 30, 1978.

The allegations of Count IV are insufficient to show liability on the part of Parkway for the entire period for which recovery is sought. It may be that Parkway is liable for any unpaid assessments on units it owned which became due during the period of ownership; however, there

are no facts alleged that would have the effect of extending the period of liability.

As far as the individual defendants are concerned, I fail to perceive how they are answerable for assessments that became due subsequent to the period of declarant control. If they remained on the Board of Directors of the plaintiff after the period of declarant control ended and thereby incurred liability, it is not so alleged.

Inasmuch as the foregoing defects may be at least partially susceptible of cure by amendment, leave to do so will be granted.

### Other Defects in the Motion for Judgment

In addition to attacking the legal sufficiency of the individual counts of the motion for judgment, the defendants urge the Court to sustain their demurrers because of the manner in which the plaintiff has joined different causes of action against different defendants. They suggest that the plaintiff has violated fundamental rules of Virginia practice which proscribe combinations of the sort pleaded by the plaintiff. They also complain that the plaintiff has failed to join indispensable parties defendant.

Recapitulating the motion for judgment, Count I alleges breach of the Condominium Act structural warranty and demands relief against all of the defendants; Count II seeks to recover from Parkway and the individual defendants for breaching a fiduciary duty and creating a deficit in the operating expenses; Count III claims a breach of a fiduciary duty by Parkway and the individual defendants resulting in an improper expenditure of the plaintiff's funds for structural repairs; and Count IV claims that Parkway and the individual defendants are liable for unpaid condominium fees which they should have either paid or collected.

Under current Virginia law, a plaintiff may join causes of action sounding in tort and contract and may plead alternative facts and theories of recovery. This is not to say, however, that all constraints have been abolished and that the plaintiff is limited only by the scope of his counsel's imagination.

In order for different claims to be asserted in the same action, they must arise out of the same transaction or occurrence. Rule 1:4 of the Rules of the Supreme Court of Virginia and Code § 8.01-272 and § 8.01-281. This requirement is not met in this case by lumping everything that occurred between the plaintiff and the defendants into a catch basin called the period of declarant control and contending that it was all one transaction or occurrence. A close examination of the facts alleged by the plaintiff reveals that there were a number of different transactions or occurrences about which the plaintiff complains, and it is incumbent on the plaintiff to sort them out and eliminate those which do not comply with the rule. (This does not mean, however, that the separate transactions or occurrences may not form the basis for separate suits.)

The Court is of opinion that the defendants' reliance on the case of *Norfolk Bus Terminal, Inc. v. Sheldon*, 188 Va. 288 (1948), is misplaced. This case, which enunciates the common law rule that tortfeasors can be joined as parties defendant only if their acts concurred to produce a single injury to the plaintiff, was decided prior to the passage in 1977 of Code § 8.01-281, which expressly permits recovery against alternative parties. I am unaware of any cases decided subsequent to the passage of Code Section 8.01-281 which address this point, and I have concluded that the effect of Code § 8.01-281 is to abrogate the common law rule, subject to the limitation already noted.

The Court agrees with the contention of the defendants that the plaintiff has failed to name all of the necessary parties defendant to Counts II, III, and IV, to wit: the other members of the Board of Directors of the plaintiff during the period of declarant control. Rather than sustain the demurrers for this reason, the Court will require that they be joined as parties defendant pursuant to the authority contained in Supreme Court Rule 3:9A and Code Section 8.01-5(A).