## Richmond

## PAUL S. BURNS AND ALICE J. BURNS V. BOARD OF SUPERVISORS OF FAIRFAX COUNTY

November 23, 1977.

Record No. 761431.

Present: Carrico, Harrison, Cochran, Harman, Poff and Compton, JJ.

*Alfred D. Swersky,* for plaintiffs in error.

*David T. Stitt, Assistant County Attorney (Frederic Lee Ruck, County Attorney; James P. Downey, Assistant County Attorney,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the Court.

The issue here is whether the trial court erred in sustaining a demurrer of the Board of Supervisors of Fairfax County (Board) to a motion for judgment filed against it by Paul S. Burns and Alice J. Burns (the Burnses).

The action was commenced by a motion for judgment in which the Burnses sought judgment for $50,000, alleging their property had been substantially diminished in value and damaged as the result of great quantities of water discharged onto, over and through their lands by a storm sewer system used and maintained by the Board. The Burnses further alleged that Cambridge Covington, Ltd. (Cambridge), an adjacent landowner, built and erected the storm sewer system in connection with subdivision and development of Cambridge's land, that Cambridge dedicated the system to the Board and that the Board accepted such dedication. Paragraphs 10 and 11 of the motion allege:

"10. The use and maintenance of the storm sewer system has damaged the property of the [Burnses] in violation of Article I, Section 11 of the Constitution of Virginia.

"11. There is implied in law and in fact a contract between [the Board] and [the Burnses] which has been breached by [the Board]."

The Board demurred to the motion on the ground that it was immune from actions grounded in tort and on the further ground that the Burnses' motion failed to "allege facts sufficient to create either an implied-in-fact or implied-at-law contract between the parties." The trial court sustained the demurrer without assigning reasons in the record for so doing. When the Burnses elected to stand on their motion rather than amend, a final order was entered dismissing the action.

The effect of a demurrer is to admit as true all allegations of material fact which are well pleaded. When a pleading is tested by demurrer, all reasonable inferences which a trier of fact may fairly and justly draw from the facts alleged must be considered by the court in aid of the pleading. *Chippenham Manor* v. *Dervishian*, 214 Va. 448, 450, 201 S.E.2d 794, 796 (1974).

Dealing with the Board's first ground for demurrer, i.e., that it is immune from tort liability, it suffices to point out that this is not a tort action but a contract action under Article I, Section 11 of the Constitution of Virginia (1971). This section prohibits the General Assembly from passing any law whereby private property shall be taken or damaged for public uses without just compensation. It is well settled that this constitutional provision is self-executing, and the landowner may enforce his constitutional right to compensation in a common law action. *Heldt* v. *Tunnel District*, 196 Va. 477, 482, 84 S.E.2d 511, 515 (1954); *Swift & Co.* v. *Newport News*, 105 Va. 108, 114-15, 52 S.E. 821, 824 (1906). The owner whose property is taken or damaged for public use has a right to waive all other remedies and to sue upon an implied contract that he will be paid therefor such amount as would have been awarded if the property had been condemned under the eminent domain statute. *Nelson County* v. *Coleman*, 126 Va. 275, 279, 101 S.E. 413, 414 (1919); *Nelson County* v. *Loving*, 126 Va. 283, 299-300, 101 S.E. 406, 411 (1919).

The real issue then is whether the facts alleged in Burnses' motion, together with all reasonable inferences which may be fairly and justly drawn from the facts alleged, are sufficient to set forth a good cause of action against the Board based upon implied contract.

Relying upon *Phillips* v. *Foster*, 215 Va. 543, 211 S.E.2d 93 (1975), the Board argues that the Burnses' motion shows that the easement and storm sewer system does not constitute a public

use within the Constitutional meaning of that term, but is for a private purpose. This is so, the Board says, because the motion shows that the storm sewer system was erected by Cambridge, whose "primary purpose" could be assumed to be the "establishment of a profitable enterprise." Thus, the Board argues, "the facts pleaded fall squarely outside of the rule for defining 'public use' stated . . . in Phillips. . . ."

This reliance upon *Phillips* is misplaced. In that case a private developer was attempting to condemn, under the provisions of Code § 21-428, and thus obtain title to a drainage easement over the lands of an adjoining landowner. While the condemnor there argued that a "public benefit" would accrue because the "drainage [would] directly inure to the *benefit* of the public" and that the "public [would] exclusively enjoy the *benefit* of this drainage easement" after its subsequent dedication to the county, we pointed out that "public use" and "public benefit" were not synonymous terms. Finding "the attempt to develop the Fosters' [land] for private gain" was "the genesis and basis" for that condemnation; that the incidental "public benefit" was "ancillary to and collateral to the underlying and primary purpose of the taking"; and that "public use" did not predominate, we held that the application of Code § 21-428 to the facts there would be unconstitutional because the taking was not for a public use within constitutional limitations.

Here it is alleged that Cambridge constructed a storm sewer system on its property and then dedicated that property to the Board, a public body, which accepted it. We infer this acceptance to be for public use, as a public body can acquire property only for a public purpose.

By statute, Code § 15.1-283, the General Assembly has authorized the governing bodies of every county, city and town in this Commonwealth "to provide for adequate drainage." To effectuate this power, the municipalities are authorized to "install and maintain drainage systems", to acquire property for that purpose by "gift, purchase, lease, condemnation or otherwise", to "appropriate money therefor", and to exercise the power of eminent domain "to the extent necessary to effect such acquisition."

This statute is an express declaration by the General Assembly that establishing adequate drainage is a public purpose and that the use of property for that purpose is a public

use. While such a declaration is not conclusive and is subject to judicial review, it is presumed to be right. *City of Richmond* v. *Dervishian,* 190 Va. 398, 405, 57 S.E.2d 120, 123 (1950); *see Inlet Authority* v. *Bastian,* 206 Va. 906, 909, 147 S.E.2d 131, 134 (1966).

We hold, therefore, that the allegations of the motion were not demurrable, as they state a good cause of action on implied contract. Whether the Board's use of the dedicated property is, in fact, a public use is a matter of proof at trial, a burden which the Burnses concede they must bear. The order of the trial court will accordingly be reversed and the case will be remanded.

*Reversed and remanded.*