**CIRCUIT COURT OF HENRICO COUNTY**

Mega Contractors, Inc.

v.

Tuckernuck Shopping Center,
a Partnership

March 21, 1983

Case No. 80-L-434

By JUDGE L. PAUL BYRNE

In the instant case, the plaintiff, Mega Contractors, Inc., (hereinafter referred to as "Mega") filed an Amended Motion for Judgment by leave of Court against the defendant, Tuckernuck Square Shopping Center, a Partnership, (hereinafter referred to as "Tuckernuck"). The Amended Motion for Judgment contains two counts: In Count I, Mega seeks compensatory damages in the amount of $40,148.74, for breach of contract because of Tuckernuck's failure to pay for certain work under a contract in writing and an oral contract. In Count II, Mega realleges all of the allegations in Count I and seeks to recover punitive damages in the amount of $250,000.00 for wilful and intentional breach of said contracts by Tuckernuck with malice, wantonness and oppression.

Tuckernuck filed Grounds of Defense to Count I and a Counterclaim for breach of contract against Mega seeking damages in the amount of $75,000.00. In addition, Tuckernuck has filed a Demurrer to Count II of the Amended Motion for Judgment contending that it is impermissibly vague

and fails clearly to inform Tuckernuck of the nature of the claim against it.

Counsel for both parties have filed memoranda of authorities and argument on briefs in support of their respective positions. The Court has now had an opportunity to review the pleadings and the memoranda submitted.

It is fundamental that the effect of a Demurrer is to admit as true all allegations of fact that are well-pleaded and when a pleading is tested by Demurrer, all reasonable inferences which a trier of fact may fairly and justly draw from the facts alleged must be considered by the Court in aid of the pleading. *See Southern Railway v. Darnell*, 221 Va. 1026 (1981); *Burns v. Board of Supervisors*, 218 Va. 625 (1977); and *Lyons v. Grether*, 218 Va. 630 (1977).

Applying this test to Count II of the Amended Motion for Judgment it is obvious that Tuckernuck's Demurrer cannot be sustained. Mega has alleged that pursuant to a common plan or scheme Tuckernuck has undertaken to enter into a contract with Mega with the intention of never performing said contract by withholding payment even though Mega has fully performed its obligations under the contract and that by such conduct Tuckernuck has intentionally and wilfully caused a tortious breach of contract and has acted with malice, wantonness and oppression resulting in injury to Mega for which it seeks punitive damages. It is the opinion of this Court that such allegations are sufficient to inform Tuckernuck of the nature of the claim against it and adequately state a cause of action under the law. If Tuckernuck desires the particularities of the claim, it may obtain such by a Motion for a Bill of Particulars or by other modes of discovery under the Rules of Court.

Tuckernuck's argument that "a review of the authorities reveals that the Supreme Court of Virginia has never allowed punitive damages to be awarded in a contract action" is without merit and is contradicted by the cases cited in its brief. See *Wright v. Everett*, 197 Va. 608 at page 611 et seq. (1956), and cases cited therein.

Accordingly, Tuckernuck's demurrer is overruled.