# Charles D. Jenkins, et al.

## v.

# County of Shenandoah

Record No. 930047

November 5, 1993

Present: All the Justices

468

*Paul J. Neal, Jr.* for appellant.
*William H. Logan, Jr. (Logan & Logan,* on brief), for appellee.

JUSTICE HASSELL delivered the opinion of the Court.

In this appeal, the primary issue we consider is whether landowners presented sufficient evidence to support an action under Article I, § 11 of the Constitution of Virginia, which states in relevant part "that the General Assembly shall not pass . . . any law whereby private property shall be taken or damaged for public uses, without just compensation."

Charles D. Jenkins and Karen S. Jenkins (husband and wife) and Gaylon L. Ludwig, Jr. and Audrey K. Ludwig (husband and wife) filed this inverse condemnation action against the County of Shenandoah, the Farmers Home Administration, United States Department of Agriculture, and Arthur L. Mitchell, Jr., Trustee.* At the conclusion of the plaintiffs' evidence, the County moved to strike. The County argued that even though it owned the easement described in the plaintiffs' pleadings, it had no obligation to maintain the easement and that this action is barred by the doctrine of sovereign immunity. The trial court sustained the motion, and we awarded the plaintiffs an appeal.

---

* The Farmers Home Administration, the United States Department of Agriculture, and Arthur L. Mitchell, Jr., Trustee, were defendants in this action because of liens secured by deeds of trust on the properties in favor of Farmers Home Administration, the United States Department of Agriculture, and Mitchell as the trustee. These defendants took no position in this litigation and were not required to participate at trial.

In reviewing the decision of a trial court to strike a plaintiff's evidence, we must consider the evidence and all reasonable inferences deducible therefrom in the light most favorable to the plaintiff. Furthermore, any reasonable doubt as to the sufficiency of the evidence must be resolved in favor of the plaintiff. *Artrip* v. *E.E. Berry Equip. Co.*, 240 Va. 354, 357, 397 S.E.2d 821, 823 (1990).

Plaintiffs Charles and Karen Jenkins own Lot 24, Section 3 in the Valley View subdivision, a residential development located near Woodstock in Shenandoah County. Plaintiffs Gaylon and Audrey Ludwig own a contiguous parcel, Lot 23.

The original plat, deed of dedication, and restrictive covenants relating to Valley View subdivision were recorded in the Clerk's Office in September 1971. The deed of dedication dedicated the roads, streets, public ways, and drainage easements to the Board of Supervisors of Shenandoah County. A drainage easement, which extends along the rear of Lots 23 and 24, is a part of the easement accepted by the County.

Daniel J. Rublee, an engineer who qualified as an expert witness, testified that a drainage channel, which is a part of the County's easement, was not constructed in accordance with the original subdivision plans, which had been submitted to the County for approval and which had been approved by the Virginia Department of Transportation. According to Rublee, the drainage channel is incapable of conveying concentrated storm water and, consequently, water "spills out of the channel . . . and settles in a low area behind the homes on Lots 23 and 24." These lots have experienced extensive flooding. The plaintiffs presented evidence that Lot 23 is virtually unmarketable at any price, and that even if the flooding problem on Lot 24 were resolved, it would be more cost effective to demolish the house on that lot and build a new house.

Plaintiffs contend that the trial court erred by holding that their actions are barred by the doctrine of sovereign immunity. The County argues, however, that the plaintiffs seek to recover damages because of the County's negligent failure to maintain the drainage easement, an action *ex delicto*, and thus barred by the doctrine of sovereign immunity. We disagree with the County.

Article I, § 11 prohibits the General Assembly from enacting any law whereby private property shall be taken or damaged for public purposes without just compensation to the landowner. *Burns* v. *Board of Supervisors*, 218 Va. 625, 627, 238 S.E.2d 823, 825 (1977); *Morris* v. *Elizabeth River Tunnel Dist.*, 203 Va. 196, 197,

123 S.E.2d 398, 399 (1962); *Heldt* v. *Elizabeth River Tunnel Dist.*, 196 Va. 477, 481, 84 S.E.2d 511, 514 (1954). This section, which is self-executing, permits a landowner to enforce his constitutional right to compensation in a common law action both ''where his property is *taken* for public uses and where it is *damaged* for public uses, irrespective of whether there be negligence in the taking or the damage.'' *Heldt*, 196 Va. at 482, 84 S.E.2d at 514 (emphasis in original). We have held that a landowner's action to recover damages to private property under Article I, § 11 of the Constitution of Virginia, is not a tort action, but a contract action and consequently not barred by sovereign immunity. *Burns*, 218 Va. at 627, 238 S.E.2d at 825.

The plaintiffs alleged in their motion for judgment that the drainage easement constitutes a public use of their property within the meaning of Article I, § 11. At trial, they presented evidence that the County's drainage channel was part of a water discharge system which served to divert water from approximately 36 acres of developed land onto their property, thereby causing extensive damage, and they have not been compensated. Therefore, we hold that the plaintiffs' actions are not barred by the doctrine of sovereign immunity.

Next, plaintiffs argue that they presented sufficient evidence to sustain an action under Article I, § 11, and that the trial court erred by striking their evidence. The County argues that the landowners failed to present sufficient evidence to establish a *prima facie* case of inverse condemnation because the County ''took no steps with respect to the maintenance, construction or supervision or operation of the drainage easements.'' We disagree with the County.

In *Burns*, we considered whether landowners alleged facts sufficient to sustain a cause of action under Article I, § 11. There, the landowners alleged that Cambridge Covington, Ltd., an adjacent landowner, built and erected a storm sewer system that served a subdivision. Cambridge Covington dedicated the system to the Board of Supervisors of Fairfax County, and the Board accepted the dedication. *Id.* at 626, 238 S.E.2d at 824.

The landowners alleged that the use and maintenance of the storm sewer system damaged their property in violation of Article I, § 11. The landowners also alleged that their property had been substantially diminished in value and damaged because great quantities of water discharged onto, over, and through their lands by the storm

system used and maintained by the Board. *Id.* at 626, 238 S.E.2d at 824.

As stated in *Burns*, an inference arose that the storm sewer was used for a public purpose because the County's Board of Supervisors, as a public body, can acquire property only for a public purpose. *Id.* at 628, 238 S.E.2d at 825. We also observed that Code § 15.1-283 authorized the governing bodies of every county, city, and town in this Commonwealth "to provide for adequate drainage" and that municipalities are authorized to "install and maintain drainage systems," to acquire property for that purpose by "gift, purchase, lease, condemnation or otherwise," to appropriate money therefor, and to exercise the power of eminent domain "to the extent necessary to effect such acquisition." *Id.* We held that Code § 15.1-283 is "an express declaration by the General Assembly that establishing adequate drainage is a public purpose and that the use of property for that purpose is a public use." *Id.* at 628-29, 238 S.E.2d at 826.

The facts pled in *Burns* are remarkably similar to the facts here. The only significant factual distinction not present in *Burns* is that here, even though the County accepted the drainage easement, it chose not to maintain its easement. This distinction, however, is not sufficient to absolve the County of liability in this action. We hold that when the County accepted the dedication of the easement, the County also accepted the burden of maintaining it in the manner necessary to protect the servient estates.

Accordingly, we will reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

*Reversed and remanded.*