## CIRCUIT COURT OF THE CITY OF RICHMOND

Walter Cole et al.

v.

Penelope W. Kyle et al.

January 7, 1997

Case No. LB-1646-3

By Judge T. J. Markow

This case is before the Court on Demurrer, Motion to Dismiss/Motion for Summary Judgment, Special Plea in Bar and Plea of Sovereign Immunity. The pertinent facts are as follows.

On September 9, 1992, Plaintiff Walter Cole purchased a ticket in the Virginia Lottery. His number was drawn on September 12, 1992. On September 16, 1992, he appeared in person at the office of the Virginia Lottery, presented the winning ticket, and completed the required forms. He designated his children (the remaining Plaintiffs) as beneficiaries.

As of that date, Mr. Kenneth Thorson was the Director of the Virginia Lottery. Mr. Thorson, acting upon information before him, verified the authenticity of the ticket, but did not certify payment to Mr. Cole and his family. Mr. Cole had, in fact, bought several tickets on behalf of several people who had pooled their money in an agreement to share any winnings. Mr. Cole claimed to be the sole ticket holder of the ticket that turned out to be the winning ticket, but this claim was disputed by the other "investors."

As a result of this dispute, several claims went to litigation, both in North Carolina (where the pooling agreement was entered) and in Virginia. Eventually, it was decided that this form of gambling contract was against the strong public policy of each state, and therefore, unenforceable. The Virginia Supreme Court held that Mr. Cole was entitled to the proceeds. [*Hughes v. Cole*, 251 Va. 3, 465 S.E.2d 820 (1996).]

In the process of litigating his claims, Mr. Cole hired and fired several attorneys, each of which took him on as a client based on a contingency agreement. In its decision, the Virginia Supreme Court also awarded Mr. Cole's previous attorneys their respective *quantum meruit* fees.

Mr. Cole now brings this suit against the Virginia Lottery, claiming that by not paying out the winnings to Mr. Cole upon presentation of the ticket, the Commonwealth breached its contract with him. As damages, he seeks to be reimbursed the attorneys' fees he incurred defending his claim, and he seeks pre-judgment interest on the payments that were delayed. Alternatively, based on theories of quasi-contract, Mr. Cole seeks the interest from the date each payment would have been made had the dispute not arisen.

The Commonwealth points to the Lottery regulations, which it claims gave Mr. Thorson the right to withhold payment pending the outcome of the dispute. Hence, it argues, there was no breach of contract. Further, the Commonwealth argues that it is immune to claims for interest as there has been no statutory or contractual waiver of such immunity.

The Court finds that there was a valid contract between Cole and the Commonwealth. The offer was made when the Lottery officials offered the lottery tickets for sale, and it was accepted when Mr. Cole purchased the ticket for good and valuable consideration. The terms of the contract are defined by the offer. In this case, the offer was governed by the lottery regulation existing at the time of the transaction.

The applicable regulation, in accordance with Section 3.16 of the State Lottery Regulations regarding On-Line Games, VR 447-02-2, states:

> [t]he director may refrain from making payment of the prize pending a final determination by the director, under the following circumstances:
> 1. If a dispute occurs or it appears that a dispute may occur relative to any prize.

This regulation was one of the terms of the contract in dispute here. Plaintiffs claim that no *reasonable* dispute arose. They argue that Mr. Thorson, in light of recent decisions made in other cases, should have realized that such a gambling contract was unenforceable. As such, he should have determined that there was no dispute and authorized payment immediately. His failure was, so the Plaintiffs claim, a breach of the contract.

The Court does not agree. The regulation gives broad authority to the director to determine when to withhold payment. Clearly, there was a dispute. The Plaintiff's claim that the Director should have the burden of making an

initial determination of the law is unsupported by legal authority. Certainly, Mr. Thorson had reason to believe that the claim might not be valid, but he also had reason to believe that it might be enforceable. The ambiguity present in this dispute is made clear by the volume of litigation it has produced. It would be unfair to impose upon Mr. Thorson the duty to instantly decide an issue about which several judges in two states disagreed.

Mr. Thorson was completely within the rights accorded by the terms of the contract in withholding payment based on the dispute of which he had been informed at the time Mr. Cole presented the winning ticket. As such, there was no breach of contract in the actions taken by him or his office. Mr. Cole is not entitled to any damages arising out of this alleged breach, including his claim for attorneys' fees and pre-judgment interest. The Motion for Summary Judgment is sustained as to Count I of the Amended Motion for Judgment.

As there was no breach of the contract, to recover under this Motion for Judgment, Plaintiffs must rely on Count II. This claim uses theories of equitable conversion, money had and received, unjust enrichment, and restitution. Plaintiffs argue that when Mr. Cole tendered the winning ticket to the Lottery Department, the proceeds ceased to belong to the Commonwealth. The Department then became a fiduciary holding those proceeds in constructive trust for the benefit of Plaintiffs. As such, they claim entitlement to interest accrued.

The Commonwealth has asserted the defense of immunity. The Court finds that it is correct. While the Commonwealth cannot claim sovereign immunity against actions in contract, *see, e.g., Weicking v. Allied Medical Supply Corp.*, 239 Va. 548 (1990), or even for theories of contracts implied in law (quasi-contract), *see, e.g., Burns v. Board of Supervisors of Fairfax County*, 218 Va. 625 (1977), it can claim immunity against suits seeking interest.

Plaintiff argues that the cases so holding do not deal with claims arising under a breach of contract. While this Court has already determined that no breach occurred, the same argument can be extended in that the cases cited by the Commonwealth do not deal with quasi-contract cases either. However, the language used is broad and general, and it does apply to this situation, as well.

> While the courts in this state, aided by the legislature, have established a different doctrine as between natural persons and private corporations ... it has never been held by this court that a claim asserted against the State or a county bears interest where there is no provision in the statute or authorized agreement creating liability for the payment of interest.

276

*City of Lynchburg v. County of Amherst*, 115 Va. 600, 608 (1913).

As Count II of the Motion for Judgment is barred by Sovereign Immunity, this claim shall be dismissed, as well.