Present:  All the Justices

BELL ATLANTIC-VIRGINIA, INC.
                    OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 961830
                                June 6, 1997
ARLINGTON COUNTY

                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                      Benjamin N.A. Kendrick, Judge

     In this inverse condemnation proceeding, we decide whether
the trial court erred in (1) sustaining the defendant's plea in
bar on the ground of sovereign immunity and (2) sustaining the
defendant's demurrer on the ground that the plaintiff's second
amended motion for judgment fails to state a claim for damages
under Article I, Section 11 of the Constitution of Virginia.

     Bell Atlantic-Virginia, Inc. (Bell Atlantic) filed a second
amended motion for judgment against Arlington County (the
County), seeking a declaratory judgment pursuant to Code § 8.01-
184 and "just compensation due to [the County's] taking or
damaging of [Bell Atlantic's] property on or about:  September
30, 1992; and June 8, 1994."  Count I of the motion for judgment
relates to the September 30, 1992 incident, and Count II pertains
to the June 8, 1994 incident.

     In each count, Bell Atlantic alleges that "the County took
and/or damaged Bell Atlantic's underground utility facilities for
public use."[1]  In Count I, Bell Atlantic further alleges the

_____

     [1]The property allegedly taken or damaged on September 30,
1992, is described as including "the following communications
lines:  (a) 2100 pair cable; and (b) 1800 pair cable."  The
property allegedly taken or damaged on June 8, 1994, is described
as including "the following lines:  (a) 200 pair cable; and (b)
600 pair cable."

following:  (1) "the damage or taking occurred so [the County] could construct, install or maintain its waterworks system;" (2) "[t]he actions of [the County] were unconstitutional in that [the County] took or damaged Bell Atlantic's property and applied it for public use without just compensation being made, and without Bell Atlantic's consent, contrary to Article I, Section 11, of the Constitution of the Commonwealth of Virginia;" and (3) "Bell Atlantic therefore brings suit upon an implied contract" to recover the damages resulting from the taking or damage.  Bell Atlantic's allegations in Count II are virtually identical to those in Count I except that, in Count II, the alleged taking or damage occurred in connection with the County's sewage disposal system.

The County filed a demurrer, asserting, <u>inter</u> <u>alia</u>, that "[t]he claims alleged in the Second Amended Motion for Judgment are barred by the County's sovereign immunity" and that Bell Atlantic failed "to allege sufficient facts to state a cause of action for either breach of implied contract or a taking of property without just compensation."  The County also filed a plea in bar, asserting that Bell Atlantic's action is a simple tort action and, thus, is barred by sovereign immunity.

In its final order entered June 10, 1996, the trial court sustained the County's demurrer and plea in bar, concluding that "the Second Amended Motion for Judgment does not contain allegations sufficient to plead violations of Article I, Section

11 of the Virginia Constitution and/or for breach of implied contract and that such allegations are barred by the County's sovereign immunity."  We awarded Bell Atlantic an appeal.

Article I, Section 11 of the Constitution of Virginia provides that private property shall not be taken or damaged for "public uses," as that term is defined by the General Assembly, without just compensation.  The General Assembly, in Code § 15.1-276, defines the term "public uses" to "embrace all uses which are necessary for public purposes."  Code § 15.1-292 empowers a County to acquire property by purchase, condemnation, or otherwise in order to construct, operate, or maintain its waterworks, and Code § 15.1-320 similarly empowers a County regarding its sewage disposal system.

Article I, Section 11 of the Constitution is self-executing and permits a property owner to enforce his constitutional right to just compensation in a common law action.  We have held that such an action is not a tort action; rather, it is a contract action and, therefore, is not barred by the doctrine of sovereign immunity.  Jenkins v. County of Shenandoah, 246 Va. 467, 470, 436 S.E.2d 607, 609 (1993); Burns v. Board of Supervisors, 218 Va. 625, 627, 238 S.E.2d 823, 825 (1977).

In the present case, the County did not present any evidence in support of its plea in bar.  Therefore, in deciding both the plea in bar and the County's demurrer, we, like the trial court, must confine our consideration to the allegations contained in

Bell Atlantic's second amended motion for judgment.[2]

A demurrer admits as true all material facts well pleaded, facts impliedly alleged, and facts that may be fairly inferred from those alleged. Palumbo v. Bennett, 242 Va. 248, 249, 409 S.E.2d 152, 152 (1991); Bowman v. State Bank of Keysville, 229 Va. 534, 536, 331 S.E.2d 797, 798 (1985).

From the allegations contained in the second amended motion for judgment, it is clear that Bell Atlantic states a claim for just compensation under Article I, Section 11 of the Constitution of Virginia.[3] Therefore, the trial court erred in sustaining the County's plea in bar and demurrer.

Consequently, we will reverse the trial court's judgment and remand the case for further proceedings.

Reversed and remanded.

---

[2]The County contends that, in deciding this case, we should consider allegations made by Bell Atlantic in its original motion for judgment and amended motion for judgment. We do not agree. Demurrers and pleas in bar were sustained as to those pleadings. Thereafter, with leave of court, Bell Atlantic filed its second amended motion for judgment. In so doing, it did not incorporate or refer to any of the allegations that were set forth in its original or amended motions for judgment. The trial court based its decision "on [the County's] Demurrer and Special Plea in Bar to the Second Amended Motion for Judgment," and we cannot do otherwise (emphasis added). See Norfolk & W.R. Co. v. Sutherland, 105 Va. 545, 549-50, 54 S.E. 465, 466 (1906).

[3]We express no opinion, however, whether such a claim will be viable after the facts are fully developed by the evidence.