# CIRCUIT COURT OF THE CITY OF NORFOLK

Romeo Gayda

v.

Ernest W. Gibbs
and City of Norfolk

March 6, 1998

Case No. (Law) 97-1783

BY JUDGE JOHN C. MORRISON, JR.

The Court is of the opinion that the maintenance and operation of a sewer system is a governmental function to which the City of Norfolk is entitled immunity from tort liability. The City of Norfolk's demurrer and special plea of sovereign immunity are therefore sustained.

The tort liability of the City of Norfolk depends on whether it was acting in its governmental or proprietary capacity when the injury occurred. When a city performs governmental functions delegated to it by the state, it stands in the place of the state and enjoys the sovereign immunity of the state. *See Freeman v. City of Norfolk*, 221 Va. 57, 59 (1980). The immunity of the sovereign attaches if the injury was caused during the performance of the city's governmental functions, and not otherwise.

Governmental functions where immunity is enjoyed by cities include the operation of a fire department, *City of Richmond v. Virginia Bonded Warehouse Corp.*, 148 Va. 60 (1927); garbage collection service, *Ashbury v. City of Norfolk*, 152 Va. 278 (1929); the maintenance and operation of a jail, *Franklin v. Town of Richlands*, 161 Va. 156 (1933); emergency cleanup and response to hurricane damages, *Fenon v. City of Norfolk*, 203 Va. 551 (1962); emergency snow-removal operations, *Bialk v. City of Hampton*, 242 Va. 56 (1991); and the maintenance of traffic lights, *Freeman v. City of Norfolk*, 221 Va. 57 (1980). In other words, "if the act in question is done by the [city] for the common good, without the element of corporate benefit or pecuniary

profit, it is a governmental act entitled to governmental immunity." *Bialk*, 242 Va. at 59 (citing *Fenon*, 203 Va. at 556).

Where governmental and proprietary functions coincide, the governmental function prevails. *See Taylor v. City of Newport News*, 214 Va. 9 (1973) (finding city immune from tort liability where plaintiff slipped on grease spilled by garbage collector).

> The municipal collection of garbage is a governmental function. On the other hand, municipal maintenance of public streets and sidewalks is a proprietary function. But when injury occurs in a street or on a sidewalk not from some defect therein but from the alleged negligence of a municipal employee engaged in a governmental function such as the collection of garbage, the municipality is immune from liability.

*Id.* at 10 (citations omitted); *see also Bialk v. City of Hampton*, 242 Va. 56 (1991) (finding city immune from suit arising from snow removal operations).

Like the collection of garbage, the operation and maintenance of a sewer system is a governmental function done for the common good and directly related to the health and safety of the citizens of the City of Norfolk. *See Ashbury v. City of Norfolk*, 152 Va. 278, 283 (1929). The reasons are so obvious that it is not necessary to explore them any further. The City of Norfolk is, therefore, protected from suit by the doctrine of sovereign immunity with respect to a sewage system.