## CIRCUIT COURT OF THE CITY OF NORFOLK

Jerelyn Goodman

v.

City of Norfolk

July 2, 2002

Case No. (Law) CL02-661

BY JUDGE CHARLES D. GRIFFITH, JR.

On March 22, 2002, Jerelyn Goodman filed a Motion for Judgment in which she prayed for damages suffered as a result of an alleged "taking" of her property by the City of Norfolk on August 7, 2001. On or about May 13, 2002, Defendant filed a Demurrer, arguing that Plaintiffs' Motion for Judgment is insufficient because, although Plaintiff's Motion for Judgment purports to state a cause of action for breach of implied contract, it is based upon an alleged "taking" of Plaintiff's property resulting from Defendant's alleged negligence. Demurrer, ¶ 4. Defendant further argues that Virginia's "taking" provisions do not apply to damage caused by the negligence of public officials or agents. *Id.*, ¶ 3. On or about June 18, 2002, Defendant filed a Brief in Support of its Demurrer. Plaintiff subsequently filed a "Mini-Brief" in opposition to the Demurrer. This Opinion will address only those issues raised in the Demurrer.

A demurrer tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action. *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181, 183 (1993). A demurrer "admits the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts." *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 129, 523 S.E.2d 826, 829 (2000) (quoting *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 397, 410 S.E.2d 652, 653 (1991)). Additionally,

on demurrer, the court may consider the substantive allegations of the pleading in addition to any accompanying exhibit mentioned in the pleading. *Flippo v. F & L Land Co.*, 241 Va. 15, 16, 400 S.E.2d 156, 156 (1991) (citing Rule 1:4(i)). The Court may consider the pleading and the exhibits and take as true "all fair inferences deducible therefrom." *Palumbo v. Bennett*, 242 Va. 248, 249, 409 S.E.2d 152 (1991). However, "a demurrer does not admit the correctness of the pleader's conclusions of law." *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988) (citations omitted).

The Constitution of Virginia states that "the General Assembly shall not pass any law . . . whereby private property shall be taken or damaged for public uses, without just compensation." Va. Const., Art. IV, § 11. The Virginia Supreme Court has spoken regarding this provision, as well as the Commonwealth's eminent domain statutes:

> The eminent domain statutes provide adequate and sufficient remedy for the taking and damaging of private property in a lawful manner. The negligent acts of public officials or agents in the carrying on of a public duty or function cannot be regarded as acts of the government itself, nor can it be inferred from either the Constitution or the eminent domain statutes that the State has voluntarily assumed liability for the tortious acts of its officers and agents committed in violation of law.

*Eriksen v. Anderson*, 195 Va. 655, 661, 79 S.E.2d 597, 600 (1954). The Virginia Supreme Court has further stated that "the eminent domain provisions in the Virginia Constitution have no application to tortious or unlawful conduct, whether by contractors engaged in constructing public improvements, governmental agents, or third parties who are strangers to the condemnation proceedings." *City of Virginia Beach v. Oakes*, 263 Va. 510, 517, 561 S.E.2d 726, 729 (citing *State Hwy. & Transp. Comm'r v. Lanier Farm*, 233 Va. 506, 512, 357 S.E.2d 531, 534 (1987)).

Plaintiff states in her Motion for Judgment that her property damage would not have occurred "if the City of Norfolk had not been negligent in maintaining its sewer system and deliberately refusing to respond in a timely manner and controlling or removing the flooding of raw sewage on plaintiff's property." Mot. for J., ¶ 9 (emphasis added). However, as was discussed above, Virginia's eminent domain laws do not apply to tortious conduct, here being the alleged negligence of Defendant's employees. As such, Plaintiff is unable to state a negligence claim. Apparently recognizing this, Plaintiff

instead states that she is bringing suit "upon an implied contract" to recover her alleged damages.

Plaintiff cites *Jenkins v. County of Shenandoah*, 246 Va. 467, 436 S.E.2d 607 (1993), and *Bell Atlantic-Virginia, Inc. v. Arlington County*, 254 Va. 60, 486 S.E.2d 297 (1997),[1] in support of her argument that a private landowner may recover in an action in contract for damages to their property. Pl.'s Br. at 1. However, in her Motion for Judgment, Plaintiff merely states that she "brings suit upon an implied contract to recover the damages resulting from the taking and/or damage." Mot. for J., ¶ 11. Even after admitting the truth of all properly pleaded material facts, those which are impliedly alleged, and those which may be fairly and justly inferred from the alleged facts, the Court determines that the true nature of Plaintiff's claim is not clear because her Motion for Judgment fails to state that an implied contract even existed between the parties. As a demurrer admits the correctness of properly pleaded facts rather than conclusions of law, the Court finds that Plaintiff has failed to state a cause of action for breach of contract or any other claim recoverable under Virginia law.

For the reasons stated above, Plaintiff has failed to state a cause of action upon which relief may be granted. As such, the Court rules that Defendant's Demurrer is sustained, and Plaintiff's Motion for Judgment is dismissed without prejudice. It is so ordered.

---

[1] Although the Court recognizes that these cases involved counties, whereas the Defendant in the instant case is a city, no further discussion of their applicability will be made in this Opinion, for, at this stage, the Court's analysis is limited to only those grounds included in the demurrer.