## CIRCUIT COURT OF NELSON COUNTY

John C. Holland, Jr., et al.

v.

Nelson County
Service Authority et al.

Case No. CL04-0157

BY JUDGE J. MICHAEL GAMBLE

May 10, 2005

I am writing this letter to rule on the plea of sovereign immunity by the Nelson County Service Authority ("NCSA") and the demurrer by the plaintiffs to the adverse possession counterclaim of NCSA. In this regard, I grant the NCSA plea of sovereign immunity as to trespass, conversion, and unjust enrichment. I overrule the plea of sovereign immunity by NCSA as to the count of inverse condemnation. I sustain the demurrer of the Hollands to the counterclaim for adverse possession by NCSA and grant leave to NCSA to file an amended pleading.

The doctrine of sovereign immunity is "alive and well" in Virginia. *Messina v. Burden*, 228 Va. 301, 307, 321 S.E.2d 657 (1984). Further, counties in Virginia share the tort immunity of the Commonwealth. *Mann v. County Board*, 199 Va. 169, 175, 98 S.E.2d 515 (1957).

The remaining defendant in this case is NCSA. The NCSA was created pursuant to the Virginia Water and Waste Authorities Act. Va. Code § 15.2-5100 *et seq.* (formerly § 15.1-1239 *et seq.*). It was created by Nelson County in 1986. A certificate of incorporation was issued pursuant to the Code of Virginia on May 23, 1986.

The authority has the powers of a political subdivision of Virginia. Va. Code § 15.2-5114. Included in these powers are the power of eminent domain, the power to borrow money, the power to have a common seal, the power to enter into contracts, and the power to charge rates for its revenue. Thus, although it is local in nature, and not a state agency, it performs a function of county government. Thus, it is entitled to sovereign immunity.

The question would arise as to whether NCSA is liable for proprietary functions. Because counties have the same immunity as the Commonwealth of Virginia and because the service authority performs the functions of the county, NCSA is not liable for proprietary functions. *Mann*, 199 Va. at 175.

If, however, NCSA is construed to have liability for proprietary functions, the action of establishing a well and water system and extracting water is not a proprietary function. For instance, a housing authority of a municipal corporation in Virginia is not entitled to the same immunity from tort liability enjoyed by the Commonwealth. *Virginia Electric & Power Co. v. Hampton Redevel. & Housing Auth.*, 217 Va. 30, 34, 225 S.E.2d 364 (1976). Thus, a proprietary/governmental analysis would apply where a local agency does not enjoy the same immunity as the Commonwealth. *Id.* at 34.

Sovereign immunity protects agencies of local government from tort liability arising from the exercise of governmental functions. *Niese v. City of Alexandria*, 264 Va. 230, 238, 564 S.E.2d 127 (2002). There is no immunity, however, for proprietary functions. *Gambrell v. City of Norfolk*, 267 Va. 353, 357-58, 593 S.E.2d 246 (2004).

A proprietary function is a function performed primarily for the benefit of a municipality. *City of Virginia Beach v. Carmichael Dev. Co.*, 259 Va. 493, 499, 527 S.E.2d 778 (2000). Accordingly, if a governmental/proprietary analysis applies, the Court must determine whether or not the establishment of a well and water system in this case is proprietary or governmental.

When a governmental entity plans, designs, regulates, or provides a service for the common good, it provides a governmental function. *Maddox v. Commonwealth*, 267 Va. 657, 663, 594 S.E.2d 567 (2004); *Bialk v. City of Hampton*, 242 Va. 56, 58, 405 S.E.2d 619 (1991).

In the instant case, NCSA and its predecessor established a well on the property of the Hollands and used it initially to provide water to an elementary school and later to furnish water to the village of Shipman. These activities are activities which plan, design, and provide services to

the community for a common good. Furnishing water to a school and to a community is a common good function.

It has been held that the adoption of a plan for supplying the City of Richmond is a governmental function protected by sovereign immunity. *Stansbury v. City of Richmond*, 116 Va. 205, 209-10 (1914). The reconstruction and redesign of a water treatment plant furnishing water to the City of Chesapeake has also been deemed a governmental function. *City of Chesapeake v. Cunningham*, 268 Va. 624, 630, 604 S.E.2d 420 (2004).

Accordingly, the Court must find that the function of establishing the well and furnishing water is a governmental function that is protected by sovereign immunity. The protection afforded by sovereign immunity protects NCSA from liability under the counts for trespass, conversion, and unjust enrichment. However, the Hollands do have an inverse condemnation cause of action. Article 1, § 11, of the Constitution of Virginia provides that property shall not be taken or damaged for public uses. Article 1, § 11, of the Constitution of Virginia is self-executing and permits a property owner to enforce his constitutional right to just compensation in a common law action. *Jenkins v. County of Shenandoah*, 246 Va. 467, 470, 436 S.E.2d 607 (1993). This is deemed to be a contract action which is not barred by the doctrine of sovereign immunity. *Bell Atlantic v. Arlington County*, 254 Va. 60, 62, 486 S.E.2d 297 (1997).

The allegations in the motion for judgment that NCSA constructed and removed water from a well located on the real estate of the Hollands satisfies the constitutional requirement of a taking for public use. Accordingly, an inverse condemnation case under Article 1, § 11, of the Constitution of Virginia survives the plea of sovereign immunity.

In *Bell Atlantic v. Arlington County*, Arlington County damaged certain underground utility facilities owned by Bell Atlantic. The trial court ruled that the doctrine of sovereign immunity protected Arlington County. The Supreme Court of Virginia reversed, holding that Bell Atlantic had a cause of action under the constitution for taking or damaging its property. *Bell Atlantic*, 254 Va. at 62. The instant case is only different because an agency of Nelson County, rather than the county itself, is a defendant. The NCSA, however, has the power of eminent domain. Thus, the constitutional provision applies.

NCSA filed a counterclaim asserting that it had acquired ownership of the well by adverse possession. This counterclaim does not allege the length of time that NCSA, or its predecessors, have held possession and control of the real estate in dispute. Accordingly, the demurrer is sustained

as to the counterclaim and NCSA is directed to file an amended counterclaim which sets forth in particularity the period of time that it held control over the property where the well is located and describes the control that was exercised.

May 23, 2005

I have received a letter from Mr. Wood, on behalf of the plaintiffs, requesting that I reconsider the opinion in my letter of May 10, 2005. In particular, the plaintiffs argue that unjust enrichment is not an action sounding in tort, it is an action based on the theories of quasi-contract, quantum merit, and implied contract.

The plaintiffs are correct that unjust enrichment is not a tort action. Sovereign immunity, however, still applies to this cause of action. Sovereign immunity does not shield the state from liability for valid contracts. However, the quasi-contractual doctrines set forth above are premised on the absence of a valid contract. Thus, in order to recover on this theory, there must be a statute abrogating the Commonwealth's sovereign immunity. *Flory Small Business Dev. Ctr. v. Commonwealth*, 261 Va. 230, 236-37, 541 S.E.2d 915 (2001). Accordingly, the doctrine of sovereign immunity applies to the count of unjust enrichment. The rulings set forth in the letter of May 10, 2005, will remain in effect.