# CIRCUIT COURT OF THE CITY OF HOPEWELL

Kenneth W. Sullivan
and Sherry Tuttle

v.

City of Hopewell

January 18, 2006

Case No. CL04-143

BY JUDGE W. ALLAN SHARRETT

The Court has before it the preliminary motions filed by the Defendant in the above-referenced case and, by this letter opinion, will dispose of all of them.

## Questions Presented

The pleadings raise, at this point, four questions:

(1) Does the doctrine of sovereign immunity bar negligence and nuisance claims brought by homeowners who allege alternatively that negligent construction and/or negligent maintenance and operation of a city's sewer lines caused a back-up of sewage into their home, resulting in property damage, damage to their credit, and personal injuries?

(2) Does the statute of repose, codified as § 8.01-250 of the Virginia Code, bar an action by the plaintiffs under these facts since the suit alleges, *inter alia*, negligent construction of the sewer system?

(3) Should a demurrer to a takings claim under Article 1, § 11, of the Virginia Constitution be sustained under these facts?

(4) Should a plea of estoppel be granted on the grounds that plaintiffs allege inconsistent theories that both the city and the lender (via foreclosure) took their property?

*Facts*

On February 7, 2003, Plaintiffs Kenneth Sullivan and Sherry Tuttle were co-owners of a home located within the territory of Defendant City of Hopewell. The defendant has admitted that it lawfully operates a sewer system within its boundaries and has offered evidence that the part of the sewer system that services plaintiffs' house is older than five years.

According to the Motion for Judgment, from which all of the following facts are taken, Sullivan awoke in the early morning of February 7, 2003, to discover raw sewage overflowing from the bathroom toilet of his property. Soon after, sewage spilled out of other drains in the house, covering the floor of the property in approximately five inches of raw sewage and filling the home with noxious odors. The plaintiffs and their daughter vacated their home and obtained temporary housing. The plaintiffs were unable to simultaneously pay for the temporary housing and make their monthly mortgage payments on their house, and thus their lender foreclosed upon the property. In addition to the property damage, the plaintiffs claim they have suffered personal injuries and also damage to their credit.

On July 20, 2004, the plaintiffs filed suit against Defendant City of Hopewell. Plaintiffs' Motion for Judgment contains six counts. Count I alleges negligent operation of the defendant's sewer system. Count II additionally alleges negligent maintenance of the sewer system. Count III alleges trespass based on the same facts. Count IV alleges that the City created a nuisance by "failing properly to construct, operate, or maintain" the sewer system, in addition to incorporating the previous allegations. Count V alleges that the defendant maintained a nuisance by not fixing the sewer line. Lastly, Count VI alleges that the defendant took plaintiffs' property without just compensation, in violation of the constitutions of the Commonwealth of Virginia and the United States. The Motion for Judgment requests compensatory damages of $500,000, plus interest since the time the damage occurred.

On February 25, 2005, the defendant filed a Plea of the Statute of Repose, Plea of Sovereign Immunity, Plea of Estoppel, and a Demurrer, seeking dismissal of all counts of plaintiffs' Motion for Judgment. The Court heard oral arguments on defendant's motions on May 27, 2005.

*Discussion*

For the following reasons, this Court is of the opinion that all motions in the defendant's Plea of the Statute of Repose, Plea of Sovereign Immunity, Plea of Estoppel, and Demurrer, should be denied.

## I. *The Doctrine of Sovereign Immunity*

The well-established common law doctrine of sovereign immunity continues to play an important role in determining municipal liability. As the Supreme Court of Virginia recently stated:

> The doctrine of sovereign immunity is alive and well in Virginia. Sovereign immunity is a rule of social policy, which protects the state from burdensome interference with the performance of its governmental functions and preserves its control over state funds, property, and instrumentalities. A special plea of sovereign immunity, if proven, creates a bar to a plaintiff's claim of recovery.

*City of Chesapeake v. Cunningham*, 268 Va. 624, 633, 604 S.E.2d 420, 426 (2004) (internal citations and quotation marks omitted). The party making the plea of sovereign immunity has the burden of proving that the doctrine applies. *Gambrell v. City of Norfolk*, 267 Va. 353, 357, 593 S.E.2d 246, 249 (2004). In cases where no evidence has yet been heard, such as the case at bar, a court must rely on the pleadings in making a determination on a plea of sovereign immunity. *Cunningham*, 268 Va. at 634, 604 S.E.2d at 426.

Within the context of sovereign immunity, municipalities perform two legally distinct types of functions: governmental functions and proprietary functions. *Id.* While the doctrine of sovereign immunity applies to bar municipal liability for governmental functions, municipalities can be held liable for proprietary functions. *Id.* at 635, 604 S.E.2d at 426.

The character of a municipal function can be determined by assessing who benefits from the function. For instance, "governmental functions are powers and duties performed exclusively for the public welfare," *Cunningham*, 268 Va. at 633, 604 S.E.2d at 426, while "proprietary functions are performed primarily for the benefit of the municipality." *Id.* at 634, 604 S.E.2d at 426. Though "in the performance of [proprietary] duties, the general public may derive a common benefit . . . they are granted and assumed

primarily for the benefit of the corporation." *Hoggard v. City of Richmond*, 172 Va. 145, 148, 200 S.E. 610, 611 (1939).

Also of importance to determining the character of the function is whether or not municipal officials had discretion in the manner in which a function is performed. "A function is governmental if it entails the exercise of an entity's political, discretionary, or legislative authority." *Cunningham*, 268 Va. at 634, 604 S.E.2d at 426. Otherwise, "if the function is a ministerial act and involves no discretion, it is proprietary." *Id.* For example, planning streets and roads and the regulation of traffic are governmental functions, while cleaning and maintaining city streets are proprietary functions. See *Id.* at 634-35, 604 S.E.2d at 426-27.

## II. *Sovereign Immunity Decisions in Sewer Cases*

As the Virginia Supreme Court has observed, "while the principle of law [differentiating governmental and proprietary functions] is clear and well-established, the application of it to various municipal activities is sometimes difficult." *Virginia Beach v. Carmichael Development Co.*, 259 Va. 493, 499, 527 S.E.2d 778, 782 (2000). This statement aptly describes cases in which courts must determine what class of function a city is undertaking when it provides its citizens with water and sewer systems.

The case of *Chalkley v. City of Richmond*, 88 Va. 402, 14 S.E. 339 (1891), provides an important starting point. Without directly mentioning the doctrine of sovereign immunity, the Supreme Court in *Chalkley* held that, when an injury occurs due to the plan or design of the sewer system, then a municipality cannot be held liable. *Id.* at 408, 14 S.E. at 341. As the Court explained, "where the injury is occasioned by the plan of the improvement, *as distinguished from the mode of carrying the plan into execution*, there is not ordinarily, if ever, any liability." *Id.* (emphasis added). If, however, an injury occurs due to negligent execution of the planned sewer system, or due to faulty maintenance of the system, then the municipality can be held liable. *Chalkley*, 88 Va. at 408, 14 S.E. at 341. Since *Chalkley*, the manner in which a sewer system allegedly caused injury to person or property are vital to determining whether or not the municipality can be held liable for damages.

In *Stansbury v. City of Richmond*, 116 Va. 205, 81 S.E. 26 (1914), the Court reaffirmed the principle advanced in *Chalkley*. As the Court stated:

> The adoption of a plan for supplying a city, or a given section of it, with water involves the exercise of a delegated governmental

138

power; and an error of judgment with respect to the efficiency and adequacy of such system is not in the first instance reviewable by the courts.

*Id.* at 207, 81 S.E. at 207. Thus, the Supreme Court signalled that municipalities are immune from liability for injuries resulting from the planning and design of their water and sewer systems.

The rule in *Chalkley* remains good law. In 2004, the Supreme Court in *Cunningham* discussed the boundaries of municipal sovereign immunity and gave an extensive listing of case law that had classified particular municipal activities as being either governmental or proprietary. *Cunningham*, 268 Va. at 633-35, 604 S.E.2d at 426-27. After stating that "routine maintenance or operation of a municipal service is proprietary," the court cited *Chalkley* as providing an example of a proprietary function, parenthetically elaborating that the case dealt with the "failure to keep a sewer drain in repair and free from obstructions." *Id.* at 634-35, 604 S.E.2d at 427. Therefore, as recently as 2004, the Supreme Court reasserted the rule in *Chalkley* and also explicitly placed *Chalkley* within the context of its case law regarding sovereign immunity.

At bar, Defendant City of Hopewell cites two circuit court cases, *Wilshin v. City of Fredericksburg*, 26 Va. Cir. 329 (Fredericksburg 1992), and *Gayda v. Gibbs*, 45 Va. Cir. 176 (Norfolk 1998), to support its argument that Virginia municipalities should be immune from liability for both the construction and the operation and maintenance of their sewer systems. (Def.'s Mem. at *2.) Like the case at bar, each case dealt with injuries caused by a municipal sewer system. In each case, the respective courts analyzed the municipal function of operating a sewer system in the light of Virginia Supreme Court precedent that garbage removal was a governmental function. *Wilshin*, 26 Va. Cir. at 330 (citing *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962), and *Ashbury v. City of Norfolk*, 152 Va. 278, 147 S.E. 223 (1929)); *Gayda*, 45 Va. Cir. at 177 (citing *Ashbury*). Each court applied the basic logic that, "if collecting garbage and removing trash and debris are governmental functions, then collecting and disposing of other forms of waste must also be." *Wilshin*, 26 Va. Cir. at 333; accord *Gayda*, 45 Va. Cir. at 177. Thus, under the courts' reasoning, the maintenance and operation of a sewer system is a governmental function.

While such reasoning makes sense, it is in direct contradiction to the Virginia Supreme Court's more recent statements in *Cunningham*. The defendant argues that this Court should follow the above circuit court cases

rather than *Chalkley* and *Cunningham* because *Chalkley* does not mention sovereign immunity in its analysis and because the facts in *Cunningham* are not on point. (Def.'s Mem. at *4.) While it is correct that *Chalkley* does not use the term "sovereign immunity," the case's holding that a municipality can be held liable for injuries caused by the failure to keep a sewer line in repair is clear. Further, in *Cunningham*, the Supreme Court explicitly places *Chalkley* in the context of its case law on sovereign immunity. The defendant's argument that the facts in *Cunningham* are not on point with the case at bar is not persuasive. The section of the *Cunningham* opinion that is pertinent here, the discussion of the law of sovereign immunity in Virginia, is comprised purely of statements of law made without reference to the facts of that case; hence, it is immaterial whether or not the facts in *Cunningham* are on point. Therefore, this Court opines that the law as set forth in *Chalkley* and *Cunningham*, that sovereign immunity protects municipalities from liability for the design and planning of sewer systems, but it does not shield them from liability due to the maintenance or operation of these systems, accurately states the law in Virginia at the present time.

### III. *Application of Sovereign Immunity to the Case at Bar*

Using the law of sovereign immunity as discussed above, the Court determines whether to grant the defendant's plea of sovereign immunity by analyzing the various counts of plaintiffs' Motion for Judgment. Count VI of the plaintiffs' suit alleges a takings claim under Article I, § 11, of the Virginia Constitution. The Virginia Supreme Court has held that actions under this section of the Constitution are not tort claims, but rather are claims based on an implied contract. As such, the Supreme Court has held that sovereign immunity does not apply to these claims. *Jenkins v. County of Shenandoah*, 246 Va. 467, 470, 436 S.E.2d 607, 609 (1993); *Burns v. Board of Supervisors*, 218 Va. 625, 627, 238 S.E.2d 823, 825 (1977). Therefore, the Court denies the defendant's plea of sovereign immunity with respect to Count VI.

Counts I, II, and III are based only on allegations of negligent operation and maintenance of the defendant's sewer system. Following *Cunningham*, the Court also denies the defendant's plea of sovereign immunity with regard to the first three counts.

The remaining counts, IV and V, however, are based on the additional allegation that the defendant negligently *constructed* its sewer system, in addition to the allegations of negligent maintenance and operation of the

system. Citing *Stansbury*, the defendant argues that these allegations of faulty construction invoke a governmental function. (Def.'s Mem. at *3.) Further citing the case of *Taylor v. City of Newport News*, 214 Va. 9, 197 S.E.2d 209 (1973), for the proposition that "where governmental and proprietary functions coincide, the governmental function is the overriding factor," *Id*. at 10, 197 S.E.2d at 210, the defendant argues that invocation of such a governmental function transforms the plaintiffs' suit from being concerned with a proprietary function to one concerned with an immune governmental function. (Def.'s Mem. at *3-*4.) If the Court were to accept this argument and dismiss the plaintiffs' suit in total, the rejection of the three counts dealing only with maintenance and operation of the sewer system would seem to violate *Cunningham*'s clear statement that these are proprietary functions. Further, there is nothing in *Taylor* to suggest that the inclusion of a governmental function in one count of a lawsuit thus renders a municipality immune from every other allegation contained in the same pleading. Supreme Court cases that have reaffirmed the principle in *Taylor* likewise provide no support for the interpretation defendant suggests. See, e.g., *Harrell v. City of Norfolk*, 265 Va. 500, 578 S.E.2d 756 (2003); *Bialk v. City of Hampton*, 242 Va. 56, 405 S.E.2d 619 (1991); *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 254 S.E.2d 62 (1979).

The principle in *Taylor* seems to bar only those counts that incorporate allegations based on a combination of governmental and proprietary functions. However, it is unclear exactly what the plaintiffs allege in these counts by using the term "construction." If the charge of negligent construction refers to the actually planning and design of the sewer system, then the defendant would be immune under the language of *Chalkley* and *Stansbury*. *Chalkley*, however, makes a distinction between the plan of the sewer and the method of carrying that plan into operation, the physical "construction" of the sewer. If the plaintiff is alleging that the process of physically constructing the sewer was responsible for the injury, then the defendant should not be shielded from liability.

As mentioned above, the Supreme Court has placed the burden of proof in a plea of sovereign immunity upon the party making the plea. *Gambrell*, 267 Va. at 357, 593 S.E.2d at 249. Further, in cases where no evidence has been presented, the court must make sovereign immunity decisions on the pleadings. *Cunningham*, 268 Va. at 634, 604 S.E.2d at 426. Given this, the Court denies the defendant's plea of sovereign immunity with respect to all counts of the Motion for Judgment. While the defendant's plea of sovereign

immunity is well made, at this stage of the proceeding defendant does not appear to have carried the burden that the law imposes upon it.

### IV. *Statute of Repose*

The defendant has also made a plea of the statute of repose and has asked the Court to dismiss all counts of the Motion for Judgment as a result. The statute of repose is codified in Virginia at § 8.01-250 of the Virginia Code. Under this statute:

> No action to recover for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property . . . shall be brought against any person performing or furnishing the design, planning, surveying, supervision of construction, or construction of such improvement to real property more than five years after the performance or furnishing of such services and construction.
> The limitation prescribed in this section shall not apply . . . to any person in actual possession and in control of the improvement as owner, tenant or otherwise at the time the defective or unsafe condition of such improvement constitutes the proximate cause of injury or damage for which the action is brought. . . .

Va. Code § 8.01-250 (Michie, LEXIS through 2005 Reg. Sess.). Having introduced an affidavit from the director of public works for the defendant city stating that the section of the sewer system in the vicinity of plaintiffs' property was constructed more than five years ago, defendant seeks to use the statute of repose to have the plaintiffs' suit dismissed.

As the plaintiffs point out (Pl.'s Mem. at *2), the defendant was "in actual possession and in control" of the sewer line on February 7, 2003. Therefore, under the express terms of the statute, it does not apply to the case at bar. The Court therefore denies the defendant's plea of the statute of repose.

### V. *Demurrer to Takings Claim*

Count V of the Motion for Judgment alleges that defendant's actions constitute a taking of plaintiffs' property without just compensation. Article I,

Section 11, of the Virginia Constitution prohibits the Commonwealth "from passing any law whereby private property shall be taken or damaged for public uses without just compensation." *Burns*, 218 Va. 625, 627, 238 S.E.2d 823, 825. The Constitution states that "the term `public uses' [is] to be defined by the General Assembly." Va. Const., Art. I, § 11. Under this authority, the General Assembly has defined "public use" generally as "all uses which are necessary for public purposes." Va. Code § 15.2-1900. Section 11 of the Constitution is applicable whether the taking or damage to private property is the result of an intentional act or negligence. *Jenkins*, 246 Va. at 470, 436 S.E.2d at 609. In practice, the Court also applies this Section against actions of political subdivisions of the Commonwealth. See, e.g., *Burns*, 218 Va. 625, 238 S.E.2d 823 (holding that a takings claim could proceed against a county board of supervisors for damages caused by an overflowing storm drain).

In the case at bar, the defendant has demurred to the plaintiffs' takings claim, arguing that plaintiffs have not sufficiently pleaded the required elements of a taking. (Def.'s Mem. at *7.) The real dispute between the parties at this stage is whether or not the alleged taking occurred for a "public use." (See Def.'s Mem. at *8.)

Part of the difference between the parties comes down to semantics. Defendant argues that the plaintiffs' claim amounts to an allegation that the actual malfunction of the sewer system was done for a public purpose. *Id.* The plaintiffs' Motion for Judgment in fact alleges that "the collection, transportation, storage, treatment, and disposal of sewage is a public purpose." (Mot. for Judgment at ¶ 9.) The plaintiffs' do not directly rebut defendant's assertion that it is the backup, and not the routine operation of the sewer system, that must be a public use for the taking claim to succeed. However, successful plaintiffs in *Jenkins* argued that it was the construction of a drainage channel, and not the subsequent flooding of the Jenkins' property, that was a public use. (Pl.'s Mem. at *5.) Ultimately, defendant's position would restrict takings claims to specific and intentional acts of government that directly serve a public purpose. This logic violates Supreme Court precedent that allows a taking claim to be based on a theory of negligence. For this reason, the Court does not accept defendant's contention that it is the sewer backup, and not simply the operation of the sewer system, that must be shown to serve a public use.

In support of its demurrer, defendant also argues that plaintiffs must expressly point to a particular section of the Virginia Code in order to prove that the taking occurred for a public purpose. (Def.'s Mem. at *9.) Defendant correctly points out (*id.* at *8-*9) that the Virginia Supreme Court in *Jenkins*

supported its finding that the provision of adequate draining was a public purpose by citing to the authority in § 15.1-283 of the Virginia Code. See *Jenkins*, 246 Va. at 471, 436 S.E.2d at 610; see also *Burns*, 218 Va. at 628-29, 238 S.E.2d at 825. Other than observing that it is the General Assembly that defines "public use" for the purposes of takings claims (Def.'s Mem. at *8), defendant provides no authority requiring plaintiffs to cite to a specific Code section in order to show a public use.

One fact that works to the defendant's disadvantage at this point is, of course, that the issue is before the Court on a demurrer. "A demurrer admits as true all material facts well pleaded, facts impliedly alleged, and facts that may be fairly inferred from those alleged." *Bell Atlantic-Virginia, Inc. v. Arlington County*, 254 Va. 60, 63, 486 S.E.2d 297, 299 (1997). The Motion for Judgment alleges that the defendant is authorized by Title 15.2 of the Virginia Code to "construct, operate, own, and maintain a sewer system (Mot. for Judgment at ¶ 7) and that the defendant acted upon this authority through the passage of ordinances. (*Id.* at ¶ 8.) Because, under a demurrer, the court considers these allegations as true, the plaintiff has sufficiently stated that the alleged taking occurred pursuant to a public use. Further, construction of a sewer system falls under the General Assembly's general definition of public use: "all uses which are necessary for public purposes." Va. Code § 15.2-1900. For these reasons, the Court overrules defendant's demurrer to Count VI of the Motion for Judgment.

## VI. *Plea of Estoppel*

Defendant further brings a plea of estoppel against plaintiffs' takings claim on the grounds that the plaintiffs take inconsistent positions on who actually took the property from the plaintiffs. As defendant states:

> On the one hand, the plaintiffs claim a taking by the City of Hopewell for the damage to their real and personal property as a result of the sewage backup . . . but on the other hand, the plaintiffs admit that their bank actually took their home by virtue of a bank foreclosure. . . .

(Def.'s Mem. at *6.) Thus, defendant argues, the principles of estoppel should bar plaintiffs from taking inconsistent positions on who took their property. (*Id.*)

144

The plain language of the Virginia Constitution, however, does not prohibit a takings claim even if the aggrieved party retains possession of the property in question. Article I, Section 11, of the Constitution "permits a landowner to enforce his constitutional right to compensation in a common law action both 'where his property is taken for public uses *and where it is damaged for public uses. . .'*." *Jenkins*, 246 Va. at 470, 436 S.E.2d at 609. Because property can be damaged without dispossessing the owner of that property, there is nothing inconsistent in the plaintiffs' Motion for Judgment. The Court, therefore, denies defendant's plea of estoppel.

*Conclusion*

While well made, the Court denies all motions contained in the defendant's Plea of the Statute of Repose, Plea of Sovereign Immunity, Plea of Estoppel, and Demurrer. With regard to sovereign immunity, the defendant has not carried its burden of proof to demonstrate that the plaintiffs' allegations relate to government functions for which defendant is sovereignly immune. Likewise, the defendant cannot claim immunity through the statute of repose as, under the Virginia Code, such pleas cannot be made against a person or entity that remains the owner or retains control over the improvement to real property. In demurring to the plaintiffs takings claim, the defendant has not shown that, even if all allegations in the plaintiffs' Motion for Judgment are proven true, plaintiffs are still unable to succeed on a takings claim. Lastly the defendant's plea of estoppel must fail because there is nothing inconsistent in the plaintiffs' allegations that the defendant damaged plaintiffs' property and a lender later foreclosed upon the same piece of property.