Present:  ALL THE JUSTICES

RICHMEADE, L.P.

v.  Record No. 031513     OPINION BY JUSTICE ELIZABETH B. LACY
                                    April 23, 2004
CITY OF RICHMOND

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Randall G. Johnson, Judge

In this appeal we consider whether this action for inverse condemnation is subject to the three-year statute of limitations for an implied contract, Code § 8.01-246, or the five-year limitations period for injury to property, Code § 8.01-243.

Richmeade, L.P., owns approximately 25 acres of land in the City of Richmond, known as the Windsor Apartment Complex.[1] On February 17, 1997, Richmeade acquired an option to purchase real property located next to the Windsor Apartment Complex. In order to develop the two parcels as a single apartment development, Richmeade requested that the City vacate certain streets within the proposed development.  By ordinance adopted February 22, 1999, the City vacated the streets pursuant to Code §§ 15.2-2006 and 15.2-2007.1.  In April 1999, the City

_____

[1] The trial court decided the case without an evidentiary hearing on the City of Richmond's special plea to the statute of limitations.  For purposes of this appeal, we recite the facts as alleged in the motion for declaratory judgment.  While the City filed a demurrer asserting that the property was never taken or damaged, the facts relevant to this appeal are not in dispute.

reconsidered its February 22, 1999 action and denied the request for vacating the streets.

On September 10, 2002, Richmeade filed an inverse condemnation action pursuant to the declaratory judgment statute, Code § 8.01-184 et seq., seeking a declaration that the City's actions constituted a "taking and/or damaging" of its property and property rights and a trial by jury "on the issue of taking and damaging of property rights and of just compensation." The City filed a plea of the statute of limitations asserting that Richmeade's action was time-barred because it was not filed within the three-year limitations period established for implied contracts by Code § 8.01-246. Richmeade argued that its action was an action for "damage to property" and therefore was subject to the five-year limitations period in Code § 8.01-243. Following briefing and argument of counsel, the trial court, relying on Prendergast v. Northern Virginia Regional Park Authority, 227 Va. 190, 313 S.E.2d 399 (1984), concluded that an action for inverse condemnation was subject to the three-year statute of limitations and entered an order dismissing Richmeade's motion for judgment.

DISCUSSION

Article I, Section 11 of the Constitution of Virginia confers on a property owner a right to just compensation from

2

the government when the government takes or damages the owner's property for public use. Va. Const. art. I, § 11; State Hwy. & Transp. Comm'r v. Linsly, 223 Va. 437, 443, 490, 290 S.E.2d 834, 838 (1982); C. & O. Ry. Co. v. Ricks, 146 Va. 10, 18, 135 S.E. 685, 688 (1926). As early as 1919, this Court held that a landowner could enforce this right under a tort or contract theory of recovery; however, because the sovereign was not liable for injuries based on negligence, a landowner could waive recovery under the tort theory and sue on the contract between the landowner and the government that Article I, Section 11 implies. Nelson County v. Loving, 126 Va. 283, 299-300, 101 S.E. 406, 411 (1919). Since 1919, this Court has consistently held that when the government failed to condemn private land taken for public purposes, the landowner's recourse was to file an action for inverse condemnation based on the implied contract between the government and the landowner. The terms of that implied contract require the government to pay the landowner "such amount as would have been awarded therefor, if the property had been condemned under the eminent domain statutes." Nelson County v. Coleman, 126 Va. 275, 279, 101 S.E. 413, 414 (1919); Burns v. Bd. of Supervisors, 218 Va. 625, 627, 238 S.E.2d 823, 825 (1977).

In Prendergast, the case relied upon by the trial court, water from restoration work conducted by the Park Authority

3

leaked into the lower level of a building on an adjacent lot. The owner of the building filed a five-count motion for judgment against the Authority. In Count 5 of the motion for judgment, the building owner initially alleged that the government took or damaged his property "without due process of law and without payment of just compensation." Prendergast, 227 Va. at 192, 313 S.E.2d at 400. In repleading that Count, the building owner realleged a taking of property without due process and just compensation and asked that the trial court direct the Authority to file condemnation proceedings for the purpose of ascertaining the amount of just compensation due for the damaged building. Id. at 192-93; 313 S.E.2d at 400.

The building owner argued that Count 5 was subject to the five-year limitations period of Code § 8.01-243(B)(injury to property), while the Authority asserted that the three-year limitations period for implied contracts under Code § 8.01-246(4) applied. In concluding that the three-year period applied, this Court held that Count 5 "sounded in inverse condemnation," that inverse condemnation is based on an implied contract, and that "[o]nce the trial court correctly concluded that the essence of Count 5 was an action based on an implied contract it follows that application of the period of limitations contained in Code § 8.01-246(4) was proper."

4

<u>Prendergast</u>, 227 Va. at 195, 313 S.E.2d at 402 (citing <u>Burns</u>, 218 Va. at 627, 238 S.E.2d at 825).

The facts of this case are indistinguishable from those in <u>Prendergast</u>. Here there is no dispute that Richmeade's action is an "action for inverse condemnation" seeking an "award of damages for the condemnation of Plaintiffs' property and/or property rights." As we explained in <u>Burns</u>, an inverse condemnation action is based on an implied contract that the government will justly compensate landowners for land it has taken. 218 Va. at 627, 238 S.E.2d at 825. Therefore, the cause of action is subject to the three-year limitations period of Code § 8.01-246(4). <u>Prendergast</u>, 227 Va. at 195, 313 S.E.2d at 404.

Richmeade asserts, however, that the decision in <u>Prendergast</u> is incompatible with the principle that the object of the litigation and not its form determines the applicability of a statute of limitations.[2] <u>Friedman v. Peoples Serv. Drug Stores</u>, 208 Va. 700, 703, 160 S.E.2d 563, 565 (1968); <u>Birmingham v. Chesapeake & Ohio Ry. Co.</u>, 98 Va. 548, 551, 37

---

[2] Richmeade also cites <u>Hampton Roads Sanitation District v. McDonnell</u>, 234 Va. 235, 360 S.E.2d 841 (1987), in support of its position because the five-year limitations period was applied to an inverse condemnation count in that case. Both Richmeade and the City acknowledge, however, that unlike <u>Prendergast</u>, the proper limitations period was not at issue in <u>McDonnell</u>, and for that reason <u>McDonnell</u> does not control or affect the result in this case.

5

S.E. 17, 17 (1900).  According to Richmeade, if this principle is applied to an inverse condemnation case, the correct statute of limitations is the five-year limitations period of Code § 8.01-243(B) because the object of every inverse condemnation action is to recover for injury to property.  We disagree.

The object of an inverse condemnation action, according to Richmeade, is to recover compensation for damage to private property.  But an inverse condemnation action is a specific type of proceeding based on a constitutionally created right connected to the "taking" or "damaging" of property by the government.  To take or damage property in the constitutional sense does not require that the sovereign actually invade or disturb the property.  Taking or damaging property in the constitutional sense means that the governmental action adversely affects the landowner's ability to exercise a right connected to the property.  Prince William County v. Omni Homes, 253 Va. 59, 72, 481 S.E.2d 460, 467 (1997); City of Lynchburg v. Peters, 156 Va. 40, 48-49, 157 S.E. 769, 772 (1931); Lambert v. City of Norfolk, 108 Va. 259, 265, 61 S.E. 776, 778 (1908).  Thus, an action for inverse condemnation is an action seeking redress for the government's action in limiting property rights the landowner holds.  In that regard, the act giving rise to the breach of implied contract is not an act aimed at the property, but rather an act that limits the

6

landowner's ability to exercise his property rights without paying the landowner for that limitation.  The mere fact that the measurement of that compensation may be based on a decline in the value of the subject property does not make the action one for injury to property.

This conclusion is consistent with the result we reached in Pigott v. Moran, 231 Va. 76, 341 S.E.2d 179 (1986), where the issue was whether an action for constructive fraud was an action for "injury to property" subject to the five-year limitations period of Code § 8.01-243(B) or a "personal action" subject to the shorter limitations period then provided for by Code § 8.01-248.  In that case, purchasers of a house sued their real estate agent for fraud, maintaining that the agent misrepresented to them that the property abutting the property they eventually purchased was zoned for residential purposes when in fact the property was zoned for commercial and industrial purposes.  The purchasers identified their damage claim as a financial loss based on the difference between the value of the land if it abutted residential property and the actual value of the land abutting commercial and industrial property.  Id. at 78-79, 341 S.E.2d at 180-81.  The purchasers argued that even though they had filed an action for constructive fraud, the five-year limitations period of Code § 8.01-243(B) applied because the action was an "action for

injury to property." We rejected the purchaser's position, finding that the "gist" of the purchasers' claim was that the wrongful act was aimed at the purchasers "personally and not their property" even though the damages claimed involved a decrease — or injury — to the property's value. Id. at 81, 341 S.E.2d at 182.

The gist of Richmeade's claim in this case is that the wrongful act of the government was aimed at Richmeade and not at the property. The government's wrongful act in this case was the failure of the City of Richmond to pay Richmeade for the limitations the City placed on Richmeade's ability to exercise its rights over its property. Thus, as in Pigott, the object of this action is not injury to property. It is the injury suffered by Richmeade because the City breached its implied contract to pay just compensation. [3]

Accordingly, we conclude that the trial court did not err in applying the three-year limitations period of Code § 8.01-246(4) to this inverse compensation action and we will affirm the judgment of the trial court.

Affirmed.

JUSTICE KOONTZ and JUSTICE LEMONS dissent.

---

[3] We also note that this result is consistent with the Revisers' Note to the 1977 revision of Title 8.01 explaining that the five-year limitations period for injury to property does not apply to actions resulting from a breach of contract. See Revisers' Note, Code § 8.01-243.

8