## CIRCUIT COURT OF NELSON COUNTY

John C. Holland, Jr., et al.

v.

Nelson County
Service Authority et al.

September 1, 2005

Case No. CL04-0157

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the amended plea in bar and amended demurrer of the defendants. In this regard, I sustain the amended plea in bar and the demurrer, and dismiss this case.

An inverse condemnation action is an action based on implied contract. *Burns v. Board of Supervisors*, 218 Va. 625, 627, 238 S.E.2d 823 (1977). As a result, the three year statute of limitations for implied contract under Va. Code § 8.01-246(4) is applicable to an inverse condemnation action. *Richmeade, L.P. v. City of Richmond*, 267 Va. 598, 602-03, 594 S.E.2d 606 (2004).

To constitute a taking or damaging of property in a constitutional sense means that the government action adversely affects a landowner's ability to exercise a right connected with the property. *Richmeade*, 267 Va. at 602; *Board of Supervisors v. Omni Homes*, 253 Va. 59, 72, 481 S.E.2d 460 (1997). The motion for judgment in the instant case alleges that the well was drilled on the property of the plaintiffs prior to 1989. This action was filed on October 20, 2004. Accordingly, the action of the defendant, drilling the well, affecting the ability of the plaintiffs to exercise their rights in the property occurred more than three years prior to the filing of the cause of action.

An injury to property forming the basis of a condemnation action is limited to cases were the *corpus* of a landowner's property or some

appurtenant right or easement connected therewith is directly affected and depreciates the value of the landowner's property. *Lynchburg v. Peters,* 156 Va. 40, 49, 157 S.E. 769 (1931); *Lambert v. Norfolk,* 108 Va. 259, 264, 61 S.E. 776 (1908).

In the case at bar, the alleged governmental action which adversely affected the plaintiffs' ability to exercise rights connected with their property occurred prior to 1989. Likewise, any depreciation of the property occurred at that time. Thus, because the cause of action accrued prior to 1989, the statute of limitations also commenced to run prior to 1989.

Next, even though I sustained the plea in bar, I will rule on the demurrer of the defendant. In this regard, the demurrer is sustained.

The defendant is correct in its analysis that there must be an allegation of unreasonable use of surface water by the defendant in order for the plaintiffs to recover. This unreasonable use must cause the water from the well to be materially diminished in flow or the land rendered so arid as to be less valuable. *Clinchfield Coal Corp. v. Compton,* 148 Va. 437, 453, 139 S.E. 308 (1927). The allegations in the motion for judgment do not allege an unreasonable use of the subsurface water and certainly do not allege that the flow was materially diminished and/or the land has been made less valuable.

Mr. Conrad is directed to prepare the order which sustains the plea in bar and demurrer, and dismisses the motion for judgment. Further, I request that the defendant advise the court whether or not it intends to proceed on the counterclaim.

REPORTER'S NOTE: Other proceedings in this case are reported at 68 Va. Cir. 99.