**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-1128

TIMOTHY R. RANNEY,

Plaintiff - Appellant,

versus

PRISCILLA D. NELSON,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-04-1274-1)

Argued: February 2, 2006            Decided: April 19, 2006

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed in part, reversed in part, and remanded by unpublished per curiam opinion.

**ARGUED:** Raymond Donald Battocchi, GABELER, BATTOCCHI, GRIGGS & POWELL, P.L.L.C., McLean, Virginia, for Appellant. Matthew Allan Ranck, ECCLESTON & WOLF, P.C., Washington, D.C., for Appellee. **ON BRIEF:** Tracie N. Wesner, ECCLESTON & WOLF, P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Timothy R. Ranney appeals from the order of the district court dismissing his action against Appellee Priscilla D. Nelson for professional malpractice and conspiracy. We affirm in part, reverse in part, and remand.

I.

In July 2000, Ranney's wife Carol began individual therapy sessions with Nelson, a licensed professional counselor. On a number of occasions, Ranney also joined Carol for therapy sessions with Nelson. Ranney alleges that during this time, while Carol was alone with Nelson, Nelson learned that Carol had been married four times prior to marrying Ranney--a fact of which Ranney was unaware at the time he married Carol. Ranney alleges further that Carol told Nelson that Ranney "would not have married [her] had he known about her four prior marriages," and directed Nelson not to disclose this information to Ranney "because if he learned of them he would promptly separate from Carol, and she would not receive any of [Ranney's] separate property." J.A. 6. Prior to marrying Carol, Ranney received substantial stock options in Network Solutions, Inc., his employer, and Ranney alleges that proceeds from these stock options account for the majority of the $6.3 million he earned during the marriage. In September 2000, Nelson informed Ranney that she could no longer counsel him as a patient;

2

however, Carol's therapy with Nelson continued on an individual basis. Ultimately, according to Ranney, despite the joint and individual therapy sessions with Nelson, his marriage to Carol continued to deteriorate until April 2002, when they separated. Carol subsequently filed an action for divorce in Fairfax County, Virginia, and Carol identified Nelson as a potential witness on her behalf. Ranney alleges that Nelson routinely took handwritten notes during the individual and joint sessions. During divorce proceedings, Ranney obtained Nelson's purported joint therapy session notes pursuant to a subpoena. Ranney alleges, however, that the typewritten notes produced by Nelson were fabricated and that Nelson shredded her original notes, which were handwritten, immediately before complying with the subpoena. Ranney asserts further that the Commissioner in Chancery determined that Nelson destroyed her original handwritten notes and produced redacted, typewritten notes. Ultimately, "all of the assets that were purchased with proceeds from the sale of stock options . . . [were classified] as marital . . . property." Ranney v. Ranney, 608 S.E.2d 485, 493 (Va. Ct. App. 2005).

As the divorce proceedings wound down, Ranney began a series of three civil actions against Carol and Nelson. In March 2003, Ranney filed a civil suit in Virginia state court against Carol, alleging fraud in the inducement of marriage and defamation of character. The primary factual allegation was that Carol falsely

3

told Ranney that she had been married only once before. In November 2003, Ranney brought another civil action in the Circuit Court for Fairfax County -- this time naming both Nelson and Carol as defendants. Ranney asserted five claims against Nelson: (1) that Nelson violated the Virginia Consumer Protection Act, see Va. Code Ann. § 59.1-200.14; (2) that Nelson breached a general legal duty to produce genuine documents pursuant to the subpoena issued by Ranney in the divorce proceedings; (3) that Nelson fraudulently concealed her genuine session notes during the divorce proceedings; (4) that Nelson breached professional duties owed to Ranney as his licensed therapist and therefore committed malpractice; and (5) that Nelson engaged in a conspiracy with Carol to produce false documents and conceal genuine documents. Nelson filed a general demurrer to all counts asserted by Ranney, which the court sustained except as to the cause of action for professional malpractice. The court granted Ranney leave to replead the malpractice cause of action in accordance with the technical requirements of Va. Code § 8.01-271.1.

In October 2004, while the malpractice claim was still pending in state court, Ranney brought the present action against Nelson in federal court. Ranney's federal action includes claims for "injury to property and property interests," "continuing malpractice and concealment," and "conspiracy to injure property." J.A. 9-11. Ranney premised these claims on the theory that Nelson had a duty,

4

as his counselor, to inform him or to "strongly urge Carol to inform" Ranney of the undisclosed prior marriages, or to terminate further services to either spouse if Carol refused to do so, because "Nelson was in a conflict of interest position." J.A. 6. Ranney contends that had Nelson properly discharged her professional duty, he would have ended his marriage to Carol sooner which, in turn, would have "reduc[ed] the estate from which Carol could claim an interest by virtue of the marriage." J.A. 7. The factual predicate for these claims, in contrast to Ranney's claims against Nelson in state court, began with Nelson's alleged misconduct during the summer of 2000 when Ranney and Carol were both receiving counseling from Nelson. Ranney's previous claims against Nelson in state court focused only on Nelson's conduct during the divorce proceedings in 2003.

The district court dismissed the "injury to property" and "continuing malpractice" claims on statute of limitations grounds, and dismissed the "conspiracy to injure property" claim as well based on principles of res judicata. Ranney appeals, contending that the district court applied the wrong statute of limitations and therefore erroneously dismissed the malpractice and injury to property claims as time-barred. He also challenges the district court's application of res judicata to the conspiracy count.

II.

Virginia law imposes a general two-year limitations period for bringing actions for personal injuries: "Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, . . . shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243.A. By contrast, Virginia law imposes a more generous five-year limitations period for the filing of an action alleging "injury to property," Va. Code Ann. § 8.01-243.B, such as diminution of property value caused by the operation of a nearby industrial plant. See Adams v. Star Enters., 851 F. Supp. 770, 771 (E.D. Va. 1994). When the claim arises from duties rooted in a written contract, the applicable limitations period is five years. See Va. Code Ann. § 8.01-246.2. In an action based upon an oral contract, the limitations period is three years. See Va. Code Ann. § 8.01-246.4. For most causes of action under Virginia law, the limitations period begins to run when the defendant commits the wrong as opposed to when the wrong is or should have been discovered. See Va. Code Ann. § 8.01-230 ("[T]he right of action shall be deemed to accrue and the prescribed limitations period shall begin to run from the date the injury is sustained in the case of injury to the person or damage to property . . . .").

The district court determined that the two-year limitations period for personal injuries applied to both Ranney's claim for

6

"injury to property" and his claim for malpractice. The district court concluded that, because both claims were premised on Nelson's alleged breach of her duties to Ranney, both causes of action should be characterized as personal injury claims. With respect to the "injury to property" claim, the district court explained that the essence of Ranney's claim was that Nelson breached duties she owed him -- resulting in a personal injury -- not that she injured his property. Because Nelson's alleged misconduct occurred well over two years before Ranney filed this action, the district court concluded the claim was time-barred. As for Ranney's "continuing malpractice" claim, the district court treated it as one for medical malpractice, which falls within the two-year period applicable to personal injury claims. See Castillo v. Emergency Medicine Assocs., 372 F.3d 643, 646 (4th Cir. 2004). The district court also afforded Ranney the benefit of the one-year extension that Virginia law permits when "fraud, concealment or intentional misrepresentation prevented discovery of the injury within the two-year period" for filing a medical malpractice claim. Va. Code Ann. § 8.01-243.C.2. Nevertheless, the district court held that Ranney's claim was time-barred because Ranney "discovered the injury in May 2003 when he received a copy of [Nelson]'s notes" but did not file his complaint until October 22, 2004. J.A. 104.

On appeal, Ranney argues that the district court applied the wrong statute of limitations. In Ranney's view, the appropriate

7

limitations period for both of these claims is the five-year period prescribed for claims alleging injury to property. See Va. Code Ann. § 8.01-243.B. First, Ranney suggests that his "injury to property" claim is properly characterized, as Nelson's alleged acts and omissions caused him to lose substantial proceeds from his stock options in the divorce. We cannot agree. The mere fact that Ranney characterized his claim as one for injury to property does not control our analysis for purposes of identifying the appropriate statute of limitations. It is "the object of the litigation and not its form [that] determines the applicability of a statute of limitations." Richmeade, L.P. v. City of Richmond, 594 S.E.2d 606, 608-09 (Va. 2004). Section 8.01-243.B applies when the alleged wrongdoing was "aimed at the property" itself. Id. at 609. Ranney, however, seeks to recover based on Nelson's alleged breach of duty to him individually; the resulting loss of property he alleges merely flows as a consequence of his alleged injury. See Pigott v. Moran, 341 S.E.2d 179, 182 (Va. 1986); see also Brown v. Am. Broad. Co., 704 F.2d 1296, 1303 (4th Cir. 1983) (applying the two-year personal injury statute where the "injury to property" claim asserted nothing more than "an indirect or consequential injury" flowing from an alleged personal injury).

Nelson urges us to affirm the district court's conclusion that Ranney's claims are time-barred; however, Nelson suggests that the appropriate limitations period is the three-year period that

8

applies to actions based on unwritten contractual duties. See Va. Code Ann. § 8.01-246.4. As the district court correctly observed, both claims are premised upon the alleged breach of duties that Nelson owed Ranney as his therapist, regardless of Ranney's characterization of the claims. Thus, Nelson contends, the duties she allegedly breached arose, if at all, as a matter of contract or agreement between counselor and client. Nelson points out that Ranney does not allege that she breached any duty arising as a matter of law, and in that respect Ranney's claim (for statute of limitations purposes) is much like one for legal malpractice. In contrast to medical malpractice actions, professional malpractice actions under Virginia law typically fall within the limitations period applicable to contract actions. Compare Boone v. C. Arthur Weaver Co., 365 S.E.2d 764, 766 (Va. 1988) ("[T]he contract statute of limitations applies to an action to recover for the professional negligence of an attorney, despite the fact that the motion for judgment was framed in tort.") with Castillo, 372 F.3d at 646.

We agree with the district court that Ranney's allegations do not state an "injury to property" for purposes of determining the applicable limitations period. We need not decide, however, whether the claims at bar are technically more akin to claims for medical malpractice or breach of contract. In either case, Ranney's claims are time-barred. If we classify Ranney's complaint as asserting a cause of action for medical malpractice, his claims

9

are time-barred for the reasons stated by the district court in its order of dismissal. Alternatively, Ranney's claims are likewise barred by the three-year limitations period applicable to claims based on oral contracts. See Va. Code Ann. § 8.01-246(4). Accordingly, we affirm the order of the district court to the extent it dismisses Ranney's "injury to property" and "continuing malpractice" claims on statute of limitations grounds.

## III.

The district court dismissed Ranney's conspiracy claim on res judicata grounds. Under Virginia law, "[t]he doctrine of res judicata precludes parties from relitigating the same cause of action when a valid, final judgment was previously entered." Scales v. Lewis, 541 S.E.2d 899, 901 (Va. 2001). A party seeking to raise res judicata as a defense to a claim must establish: (1) "identity of the remedy sought;" (2) "identity of the cause of action"; "(3) identity of the parties;" and (4) "identity of the quality of the persons for or against whom the claim is made." Davis v. Marshall Homes, Inc., 576 S.E.2d 504, 506 (Va. 2003). Thus, under Virginia law, "res judicata only applies if the cause of action a plaintiff asserts in the pending proceeding is the same as the cause of action asserted in the former proceeding." Id. The Virginia Supreme Court has explained, furthermore, that "[f]or the purposes of res judicata, a cause of action may be defined

10

broadly as an assertion of particular legal rights which have arisen out of a definable factual transaction." Allstar Towing, Inc. v. City of Alexandria, 344 S.E.2d 903, 905-06 (Va. 1986) (internal quotation marks omitted).

Because the conspiracy claim alleged in Ranney's federal complaint appears to encompass conduct distinct from and occurring prior to the conspiracy claim alleged in state court, we are unable to conclude that the identity of the causes of action has been established. Ranney's federal conspiracy claim alleges that "[b]eginning in or about 2000, and continuing to the present, Nelson undertook and conspired with Carol to allow Carol to acquire and spend Ranney's property, and capture as much of it as possible in a divorce case. Nelson also conspired with Carol to conceal her malpractice from [Ranney]." J.A. 11. The factual predicate for this claim involves Nelson's actions during or near the time of the joint therapy sessions in 2000. The prior conspiracy claim disposed of by the state court focused on Nelson's alleged destruction or fabrication of facts and evidence during court proceedings in 2003. Although both claims rest on a factual predicate that is related in terms of subject matter, they do not arise from the same factual transaction.

Accordingly, we conclude that Ranney's conspiracy cause of action is not barred by the doctrine of res judicata. We take no position as to the viability of this claim otherwise.

11

IV.

For the reasons stated above, we affirm the dismissal of Ranney's claims for "injury to property" and "continuing malpractice" as time-barred. We reverse the district court's application of res judicata to Ranney's conspiracy claim, and remand it to the district court for further proceedings.

AFFIRMED IN PART,
REVERSED IN PART,
AND REMANDED

12